UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICHAEL A. MAXIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03:07-CV-0390-RL-CAN |
| | ) | |
| INDALEX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## AGREED PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and for good cause shown, the parties hereby stipulate to the entry of the following protective order in order to preserve and maintain the confidentiality of confidential, and proprietary information which may be disclosed or obtained by the parties through testimony and/or the production of certain records by and between the parties during the course of discovery.

The parties agree that good cause exists for this Agreed Protective Order ("Order") in order to preserve the legitimate privacy interests of Defendant's current and former employees about whom Plaintiff may seek production of personnel records through his discovery requests. The Court specifically finds that good cause exists for this Order.

For purposes of this Order, the term "Confidential" or "Confidential Information" includes any personal, private or confidential information relating to any of the parties' employees, officers or directors or other individuals who are not parties to this litigation.

1.  This Order shall govern the disclosure and use of Confidential Information produced in connection with this litigation. All information which is or has been produced or discovered in this litigation, regardless of whether designated confidential, shall be used solely

for the prosecution or defense of this litigation unless the information is available to the general public without a breach of the terms of this Order.  The measures designated by the parties in this Order are reasonable and will not prejudice anyone or unduly burden the Court.

2. This Order is necessary to preserve the legitimate privacy interests of Defendant's current and former employees and establishes a procedure for disclosing Confidential Information to the parties in this litigation and imposes obligations on persons receiving Confidential Information to protect it from unauthorized use or disclosure.

3. By entering into this Order the parties do not intend to waive any objections raised in response to discovery, nor does this Order in any way obligate any party to produce any specific documents or records in the future which a party deems inappropriate for production.

4. Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as *"Confidential"* any documents, testimony, or other discovery material that contains "Confidential Information," and as more specifically defined in paragraph 6.

5. Neither the receiving party nor its representatives shall disclose documents designated as "Confidential," other than to the following persons (hereinafter referred to as "Qualified Persons"):

    (a) Party representatives;

    (b) Counsel of record in this action.  As used herein "counsel of record" shall mean attorneys for the respective law firms who have appearances entered in the case for their clients.  Employees of counsel of record acting at the direction of counsel, and assigned to and necessary to assist such counsel in this action;

    (c)  Witnesses for each party provided that such witnesses expressly agree to comply with the terms of this Order and provided that such witnesses shall be allowed to review the Confidential documents or information but shall not be permitted to retain copies of such documents;

    (d)  The Court (including any agent of the Court) and any court reporter used during depositions.

  6.  Notwithstanding paragraph 5, any third-party witness may be shown at a deposition, or examined on, any document containing material designated "*Confidential*" if it appears from the face of the document that the witness authored or previously received a copy of it, or if specific documentary or testimonial evidence of that witness or others indicates that the document was communicated to or from the witness, or if the designating party so agrees.

  7.  No designation shall be effective unless there is placed or affixed on such material a "*Confidential*" marking.  Testimony given at a deposition or hearing and the resulting transcript may be designated as "*Confidential*" by an appropriate statement at the time of the giving of such testimony.  When such a statement is made, all parties shall maintain the deposition or hearing transcript and information contained therein as "*Confidential*" up until thirty (30) days after receipt of a copy of the transcript.  During that period, the party desiring to maintain confidentiality more than thirty (30) days after a received party's receipt of a copy of the transcript must designate in writing those portions of the transcript regarded as "*Confidential*."  Only those portions designated in writing will thereafter be handled and marked in accordance with the provisions of this Order.

  8.  Discovery material produced without the designation of "*Confidential*" may be so designated subsequent to production or testimony when the producing party failed to make such

designation at the time of production or during the testimony through inadvertence or error. If discovery material is designated subsequent to production or testimony, the receiving party promptly shall collect any copies that have been provided to individuals other than those authorized in paragraph 5 of this Order.

9. A party that challenges a designation by another party may move the Court to order a re-designation of any material. The designating party shall bear the burden of establishing the need for the designation.

10. The agreement of the parties to this Order shall not be construed as an agreement or admission: (i) that any material or document designated as confidential is, in fact, confidential; (ii) as to the correctness or truth of any allegation made or position taken relative to any matter designated as confidential; or (iii) with respect to the authenticity, competency, relevance or materiality of any document or thing designated as confidential.

11. This Order shall not prohibit disclosure of Confidential documents or information to the Court or Court personnel (including any Court for purposes of appellate review) at any time. Any party and any interested member of the public can challenge the secreting of any particular documents.

12. The provisions of the Order shall survive the conclusion of this action. Upon written request by counsel for the disclosing party, the party having received any documents or information subject to this Order shall return these items at the close of this litigation.

13. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

    (a)    was, is, or becomes public knowledge in a manner other than by violation of this Order;

      (b)    is acquired by the non-designating party from a third party having the right to disclose such information or material; or

      (c)    was lawfully possessed by the non-designating party prior to the entry by the Court of this Order.

WHEREFORE, the parties, by their respective counsel, hereby agree and stipulate to each of the terms and conditions as set forth in the foregoing Order.

(TERM DOC. #33, 34 & 35)

Respectfully submitted,

Dated: April 4, 2008

    *s/ Alice M. Morical*
Alice M. Morical (#18418-49)
Hoover Hull LLP
111 Monument Circle, Suite 4400
P.O. Box 44989
Indianapolis, IN 46244-0989

Dated: April 4, 2008

    *s/Michael A. Maxie*
Michael A. Maxie, *Pro Se*
P.O. Box 1115
South Bend, IN 46624

**COURT APPROVAL**

APPROVED on this 7th day of April, 2008.

s/Christopher A. Nuechterlein
United States Magistrate Judge
United States District Court
Northern District of Indiana

Distribution to:

Alice M. Morical
Hoover Hull LLP
111 Monument Circle, Suite 4400
P. O. Box 44989
Indianapolis, IN 46244-0989

Michael A. Maxie
P.O. Box 1115
South Bend, IN  46624


453990